UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM R. HICKOX, JR.; ESTELA HICKOX; and LAUREN N. HICKOX,<br><br>Plaintiffs,<br><br>v.<br><br>THE WATERPARK, LLC d/b/a WET 'N' WILD LAS VEGAS; DOES 1 through X; and ROE CORPORATIONS 1 through XX; inclusive,<br><br>Defendants. | Case No. 2:19-CV-00367-JAD-EJY<br><br>**ORDER** |

Before the Court is the stipulation for an independent medical examination ("IME") of Plaintiff William R. Hickox, Jr. by Dr. Charles D. Rosen, M.D. (ECF No. 18). This is a personal injury lawsuit seeking damages for injuries arising from alleged negligence, vicarious liability, negligent infliction of emotional distress, and loss of consortium causes of action. Plaintiff's First Amended Complaint alleges that he was "riding the Rattler slide at Defendants' premises when his head was thrust into the wall, causing said Plaintiff to suffer injuries." ECF No. 6 ¶ 11.

Fed. R. Civ. P. 35 permits a court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination. This rule is permissive, not mandatory. Fed. R. Civ. P. 35(a)(1) (providing "[t]he court where the action is pending *may* order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination . . . ." (Emphasis added.)) A court is not *required* to order an IME upon a showing that the person's medical condition is in controversy and that there is good cause; rather, the standard remains permissive. *Storlie v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 549077, *2 (D. Nev. Jan. 4, 2010) (citation omitted).

Plaintiff William R. Hickox, Jr. has put his medical condition at issue, because he is seeking damages and attorney fees for injuries in his "health, strength and activity, sustained shock and injury to his person, and incurred medical expenses . . ." as a "direct and proximate result of the negligence,

1

carelessness, and recklessness of the Defendants." ECF No. 6 ¶¶ 17, 18, 24, 25. Further, Plaintiff Estela Hickox's loss of consortium claim against Defendants (ECF No. 6, ¶¶ 29–31) derives from, and recovery is contingent upon, her injured spouse's recovery. *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1039 (9th Cir. 2008) ("To support a loss of consortium claim, marital spouses must allege that their partner suffered an injury that is 'sufficiently serious and disabling to raise the inference that the conjugal relationship is more than superficially or temporarily impaired.'") (citing *Mollen v. Kaiser Found. Hosp.*, 616 P.2d 813, 823 (1980)). Further, the parties in this case stipulated to the time, place, manner, conditions, and scope of the Plaintiff's medical examination, as well as the professional who will perform the exam. *See* Fed. R. Civ. P. 35(a)(2)(B). Given these facts, the Court finds that good cause exists for a mental examination of Plaintiff William R. Hickox Jr pursuant to Fed. R. Civ. P. 35.

Accordingly,

IT IS HEREBY ORDERED that a one hour IME of Plaintiff William R. Hickox, Jr. shall be conducted on a mutually agreeable date and time by Dr. Charles D. Rosen, M.D., at his office located at 525 Seaview Way, Suite 101A, Long Beach, California 90802.

IT IS FURTHER ORDERED that Dr. Rosen and Mr. Hickox will be allowed fifteen (15) minutes leeway to account for travel time or other incidents that may delay the start time of the IME.

IT IS FURTHER ORDERED that there is to be no discussion between Dr. Rosen and Mr. Hickox regarding liability. However, Dr. Rosen will be permitted to ask questions regarding how Mr. Hickox alleges he was injured and Mr. Hickox's complaints regarding pain related to same.

DATED: August 22, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE